# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION
### CIVIL No. _____

| | |
|---|---|
| **MORVELIS VALDEZ-CHACON,** § | |
| § | |
| Petitioner § | |
| § | **PETITION FOR** |
| v. § | **WRIT OF HABEAS CORPUS** |
| § | **PURSUANT TO 28 U.S.C § 2241** |
| RANDY TATE, in his official capacity as § | |
| Warden of the Montgomery Processing Center; § | |
| § | |
| BRET BRADFORD, in his official capacity as § | |
| Field Office Director of ICE Enforcement and § | |
| Removal Operations Houston Field Office; § | |
| § | |
| KRISTI NOEM, § | |
| in her official capacity as Secretary § | |
| of the Department oF Homeland Security; § | |
| § | |
| PAM BONDI, in her official capacity as § | |
| Attorney General of the United States, § | |
| § | |
| Respondents. § | |
| § | |

## PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND COMPLAINT FOR INJUNCTIVE RELIEF

TO THE HONORABLE UNITED STATES DISTRICT COURT:

The petitioner, Morvelis Valdez-Chacon ("Petitioner"), by and through undersigned counsel, respectfully petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and, in support thereof, states the following:

## I. PARTIES & CUSTODY

1. Petitioner Morvelis Valdez-Chacon is currently detained at the Immigration and Customs Enforcement ("ICE") Montgomery Processing Center, located at 806 Hilbig Road, Conroe, Texas 77301. She has been detained continuously at that location since August 25, 2025.

2. Respondent Randy Tate, in his official capacity as Warden of the Montgomery Processing Center, currently holds Petitioner in custody as unlawfully ordered by the Houston Field office of ICE Enforcement and Removal Operations. The Warden's detention facility is located within this Honorable Court's judicial district.

3. Respondent Bret Bradford, in his official capacity as Director of the Houston Field Office of ICE Enforcement and Removal Operations, has refused to effect Petitioner's release from the unlawful custody of the Warden of the Montgomery Processing Center.

4. Respondent Kristi Noem, in her official capacity as Secretary of the United States Department of Homeland Security, has refused to exercise her authority to oversee her department's ICE Enforcement and Removal Operations and thereby effect Petitioner's release from the unlawful custody of the Warden of the Montgomery Processing Center.

5. Respondent Pam Bondi, in her official capacity as Attorney General of the United States, has refused to exercise her authority to oversee her department's ICE Enforcement and Removal Operations and thereby effect Petitioner's release from the unlawful custody of the Warden of the Montgomery Processing Center.

## II. JURISDICTION & VENUE

6.  This Court has jurisdiction pursuant to 28 U.S.C. § 2241 to issue writs of habeas corpus when the petitioner is in custody in violation of the Constitution or laws of the United States.

7.  Venue is proper in this district because Petitioner is detained within this district.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.  Petitioner has exhausted her administrative remedies to the extent required by law.

9.  Petitioner has fully cooperated with Respondents and has not delayed or obstructed her detention.

10. Petitioner has requested custody and bond redetermination from the Conroe Immigration Court.   On October 7, 2025, that Court denied bond to Petitioner's, citing lack of jurisdiction.

11. Petitioner's only remedy is by way of this judicial action.

## IV. FACTUAL AND PROCEDURAL BACKGROUND

12. Petitioner is a sixty year old female native and citizen of Cuba.  *See attached*, Exhibit A: Petitioner's Cuban Passport.  She fled Cuba on November 23, 2021 due to persecution and threats of violence against her and her family by members of the Cuban government because of her past political activism in opposition to that government's human rights violations.

3

13. Petitioner entered the United States without inspection on November 28, 2021 near San Luis, Arizona.  *See attached,* Exhibit B: Petitioner's 2022 Notice to Appear.  On November 30, 2022, Petitioner was entered into removal proceedings before the Houston Immigration Court.  *Id.*

14. On April 7, 2022, the Immigration Judge of the Houston Immigration Court closed Petitioner's Immigration proceedings due to failure to prosecute.  *See attached,* Exhibit C: EOIR Case Portal record showing closure of 2022 removal proceedings.

15. On July 28, 2022, Petitioner *timely filed* a Form I-589 Application for Asylum and for Withholding of Removal under the Convention Agaiunst Torture ("I-589 Application"). *See attached,* Exhibit D, USCIS Receipt #ZHN-2356497370.

16. On May 29, 2025, Petitioner was again entered into removal proceedings before the Houston Immigration Court.  *See attached,* Exhibit E: Petitioner's 2025 Notice to Appear.

17. Petitioner was granted work authorization in the United States on June 12, 2025.  *See attached,* Exhibit F, Petitioner's Employment Authorization Cards and Texas Identification.

18. On September 2, 2025, Petitioner filed her I-589 Application to the Houston Immigration Court.  *See attached,* Exhibit G, Petitioner's I-589 Application, stamped as received by the Immigration Court.

19. Petitioner has continued to check in regularly for scheduled appointments at the Houston ICE offices, updating her contact information with the ICE officers and following all instructions as required. On September 16, 2025, Petitioner attended a scheduled appointment with Immigration and Customs Enforcement ("ICE"). She was taken into ICE custody at that time without a warrant or any explanation for her arrest.

20. Since September 16, 2025, Petitioner has been detained in ICE custody at the Montgomery Processing Center located at 806 Hilbig Road, Conroe, Texas 77301. During that time, there has been no detailed individualized assessment of Petitioner's flight risk or dangerousness.

21. The government has not been able to articulate any meaningful reason why Petitioner should continue to remain in detention pending the outcome of her removal proceedings.

22. Petitioner, through Counsel, now submits the present Petition for Writ of Habeas Corpus to this Honorable Court, and respectfully requests the Court to order Defendants to immediately release

## V. LEGAL FRAMEWORK FOR RELIEF SOUGHT

23. Under U.S. Code 28 § 2241, writs of habeas corpus may be granted by the district courts on behalf of a prisoner in several instances, including when they are (1) "in custody under or by the authority of the United States or is committed for trial before some court thereof," (3) "in custody in violation of the Constitution or laws and treaties of the United States," and (4) when they, "being a citizen of a foreign state and domiciled therein [are] in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign

5

state, or under color thereof, the validity and effect of which depend upon the law of nations[.]"

24. Courts have consistently recognized "habeas corpus as an appropriate vehicle through which noncitizens may challenge the fact of their civil immigration detention." *Vazquez Barrera v. Wolf,* 455 F. Supp. 3d 330, 336 (S.D. Tex. 2020) (citing *Zadvydas v. Davis* , 533 U.S. at 688 (ruling on merits of habeas petition challenging validity of indefinite mandatory detention)).

## VI. <u>CLAIMS FOR RELIEF</u>

### COUNT ONE:

### RESPONDENTS HAVE UNLAWFULLY DETAINTED PETITIONER IN VIOLATION OF THE IMMIGRATION AND NATURITARIZATION ACT.

25. Petitioner alleges and incorporates by reference paragraphs 1 through 24 above.

26. Petitioner's detention lacks statutory authority while her removal proceedings are pending, as there has been no final order of removal issued against her.

27. **Petitioner has no criminal history,** and has demonstrated no conduct indicating that she is a threat to the United States or otherwise eligible for deportation. *See attached*, Exhibit H: Certificate of Petitioner's Criminal Record Search.

28. Petitioner is currently in removal proceedings before the Houston Immigration Court located at 5520 Greens Road, Houston, Texas 77032. **She is scheduled to appear in person before Judge Timothy M. Cole for a master calendar hearing on October 16, 2025 at 8:30 am.** If Petitioner fails to appear at her upcoming hearing, it may result in closure of her proceedings and her being ordered removed *in absentia*.

6

29. Petitioner lives in the United States with her daughters, Ariagna Rodriguez-Valdez and Adriana Torres-Valdez. Ms. Rodriguez-Valdez is a U.S. citizen, and Ms. Torres-Valdez is a permanent resident of the United States.

30. Therefore, Petitioner merits immediate release because she has a pending appeal with the BIA, no final order of removal, and the government cannot articulate any meaningful reason why she should continue to remain in detention pending her appeal.

## COUNT TWO:

### RESPONDENTS HAVE UNLAWFULLY DETAINTED PETITIONER IN VIOLATION OF CONSTITUTIONAL DUE PROCESS

31. Petitioner alleges and incorporates by reference paragraphs 1 through 30 above.

32. Petitioner's detention violates her right to substantive and procedural due process guaranteed by the Fifth Amendment to the U.S. Constitution.

33. Petitioner is unlawfully in custody pursuant to INA § 241(a)(6), 8 U.S.C. § 1231(a)(6) (2018) ("Section 241"). Under Zadvydas, that provision prohibits the indefinite detention of noncitizens who (i) cannot be repatriated in the reasonably foreseeable future, and (ii) pose no threat to the community. Any such detention is unconstitutional. *See Zadvydas*, 533 U.S. at 689, emphasis added ("In our view, the statute [Section 241], read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention.").

34. The Fifth Amendment's Due Process Clause prohibits the government from detaining individuals without legal authority.

35. Under 8 U.S.C. § 1231(a)(1), detention during the removal period is only authorized after a removal order becomes "final."

36. As stated above, Petitioner's removal proceedings remain pending. The removal order is not final and cannot serve as a basis for continued detention.

37. Furthermore, under *Zadvydas,* a non-citizen petitioner is not barred from seeking a writ of habeas corpus as relief for indefinite detention when there has been no final order issued. *See Zadvydas*, 533 U.S. at 688 ("The aliens here, however, do not seek review of the Attorney General's exercise of discretion; rather, they challenge the extent of the Attorney General's authority under the post-removal-period detention statute. And the extent of that authority is not a matter of discretion . . . [therefore we] conclude habeas corpus proceedings remain available. . . .").

38. Therefore, this petition is not barred, as the Petitioner is not seeking to collaterally attack the final removal order, because there is no final order yet issued by the Court.

39. Moreover, **continued detention without an individualized determination violates due process** under Zadvydas v. Davis, 533 U.S. 678 (2001).

40. Petitioner has been detained in ICE custody **without any individualized assessment of flight risk or dangerousness.**

41. **Petitioner poses no flight risk or danger to the community**, as evidenced by her lack of criminal record, and of any other conduct that could pose a danger to the United States.

42. Furthermore, Petitioner has not undergone individualized assessment of hardship posed by her continued detention.

43. Petitioner's continued detention lacks statutory authority and violates her right to substantive due process under the Constitution. Therefore, she should be immediately released from custody.

## V. REQUEST FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court issue a writ of habeas corpus directing Respondents to show cause why Petitioner should not be released from custody, and to order Petitioner's immediate release from custody. Petitioner requests that this Court award reasonable attorney's fees and costs; and grant such other relief as this Court deems just and proper.

Respectfully submitted,

_____

Matthew Mendez
Attorney for Petitioner
State Bar No. 24098092
6300 Gulfton Street
Houston, Texas 77081
Tel. (346) 205-4343
matt@mendezlawoffice.com

### PETITIONER VERIFICATION

Petitioner, Morvelis Valdez-Chacon, is currently detained in ICE custody, and has authorized Counsel, Matthew Mendez, to verify, on her behalf, that the facts stated therein are true and correct to the best of her knowledge and belief.

_____
Matthew Mendez
Attorney for Petitioner

10/09/2025
Date

9

**CERTIFICATE OF SERVICE**

On October 8, 2025, Counsel for Plaintiff served a copy of the attached Complaint via USPS Certified Mail, in compliance with Rule 4 of Federal Rules of Civil Procedure, upon the **Respondent, Randy Tate, in his Official Capacity as Warden of the Montgomery Processing Center**, at (1) Office of the Warden, 806 Hilbig Road, Conroe, Texas 77301, and (2) to the United States at Civil Process Clerk, U.S. Attorney's Office, 1000 Louisiana Street, Suite 2300, Houston, Texas 77002.

_____

Matthew Mendez
Attorney for Petitioner

10/09/2025
Date

On October 8, 2025, Counsel for Plaintiff served a copy of the attached Complaint via USPS Certified Mail, in compliance with Rule 4 of Federal Rules of Civil Procedure, upon the **Respondent, Bret Bradford, in his Official Capacity as Field Office Director, of ICE Enforcement and Removal Operations Houston Field Office**, at (1) Office of the Field Office Director, Enforcement and Removal Operations, Houston Field Office, 126 Northpoint Drive, Houston, Texas 77060, and (2) to the United States at Civil Process Clerk, U.S. Attorney's Office, 1000 Louisiana Street, Suite 2300, Houston, Texas 77002.

_____

Matthew Mendez
Attorney for Petitioner

10/09/2025
Date

10

## CERTIFICATE OF SERVICE

On October 8, 2025, Counsel for Plaintiff served a copy of the attached Complaint via USPS Certified Mail, in compliance with Rule 4 of Federal Rules of Civil Procedure, upon the **Respondent, Kristi Noem, in her Official Capacity as Director of U.S. Department of Homeland Security**, at (1) Office of General Counsel, U.S. Department of Homeland Security, 245 Murray Lane, SW, Mail Stop 0485, Washington, D.C. 20530; and (2) to the United States at Civil Process Clerk, U.S. Attorney's Office, 1000 Louisiana Street, Suite 2300, Houston, Texas 77002.

_____
Matthew Mendez
Attorney for Petitioner

10/09/2025
Date

On October 8, 2025, Counsel for Plaintiff served a copy of the attached Complaint via USPS Certified Mail, in compliance with Rule 4 of Federal Rules of Civil Procedure, upon the **Respondent, Pam Bondi, in her Official Capacity as Attorney General of the United States**, at (1) U.S. Attorney General, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-0001; and (2) to the Assistant Attorney General for Administration, U.S. Department of Justice, Justice Management Division, 950 Pennsylvania Avenue, NW, Room 1111, Washington, D.C. 20530; and (3) to the United States at Civil Process Clerk, U.S. Attorney's Office, 1000 Louisiana Street, Suite 2300, Houston, Texas 77002.

_____
Matthew Mendez
Attorney for Petitioner

10/09/2025
Date